UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re JORDANA MARINKOVIC BAUMAN, | Case No.: 24-CV-485 JLS (BLM) |
| Debtor. | **ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS** |
| JORDANA MARINKOVIC BAUMAN; MEL MARIN, | (ECF No. 2) |
| Appellants, | |
| v. | |
| MICHAEL KOCH, | |
| Appellee. | |

Presently before the Court is Appellant Jordana Marinkovic Bauman's ("Bauman") Application to Proceed in District Court Without Prepaying Fees or Costs ("Mot.," ECF No. 2). Bauman and fellow Appellant Mel Marin ("Marin"), both proceeding pro se, initiated this bankruptcy appeal on March 11, 2024. *See* ECF No. 1.

Parties instituting a bankruptcy appeal must pay a filing fee of $298[1] unless they are granted leave to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a).

---

[1] *See* Fed. R. Bankr. P. 8003(a)(3)(C) ("The notice of appeal must . . . be accompanied by the prescribed filing fee."); 28 U.S.C. § 1930(c) ("Upon the filing of any . . . notice of appeal . . . $5 shall be paid to the clerk . . . ."); Bankruptcy Court Miscellaneous Fee Schedule item 14 (listing $293 fee for appeals).

A party need not "be absolutely destitute" to proceed IFP. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948). "Nonetheless, a plaintiff seeking IFP status must allege poverty 'with some particularity, definiteness, and certainty.'" *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (quoting *United States v. McQuade*, 647 F.3d 938, 940 (9th Cir. 1981)). To that end, "[a]n affidavit in support of an IFP application is sufficient where it alleges that the affiant cannot pay the court costs and still afford the necessities of life." *Id.* "But, the same even-handed care must be employed to assure that federal funds are not squandered to underwrite, at public expense, either frivolous claims or the remonstrances of a suitor who is financially able, in whole or in part, to pull his own oar." *Temple v. Ellerthor*p, 586 F. Supp. 848, 850 (D.R.I. 1984).

As an initial matter, the Court notes that only Bauman moved to proceed IFP. While just one filing fee needs to be paid per jointly-initiated bankruptcy appeal, *see* Bankruptcy Court Miscellaneous Fee Schedule item 14, that fee can only be waived if each party pursuing the appeal qualifies for IFP status, *cf. Tom v. Wells Fargo Bank N.A.*, No. CV 19-00545 JMS-KJM, 2019 WL 13215306, at *1 (D. Haw. Oct. 31, 2019) ("[W]here there are multiple plaintiffs in a single action, the plaintiffs may not proceed [IFP] unless all of them demonstrate inability to pay the filing fee." (quoting *Martinez v. Lutz*, 2018 WL 3924266, at *1 (E.D. Cal. Aug. 14, 2018))). As the instant Motion contains only Bauman's financial details, the Court is unable to determine whether Marin is able to pay the court fees. This deficiency on its own provides grounds to deny the Motion. *See, e.g.*, *Martinez*, 2018 WL 3924266, at *1 (denying IFP request where only one plaintiff provided financial information, leav[ing] open the possibility that one of the other plaintiffs ha[d] the resources to pay").

Even if the Court ignored Bauman's co-appellant, her Motion would still fail. Bauman's monthly expenses total $4,574, exceeding her monthly income of $3,800 by just under $800. *See* Mot. at 2, 5. Per Bauman, she makes up the shortfall by "only pay[ing] some expenses some months and others on other months." *Id.* at 5. Such financial circumstances typically weigh in favor of granting an IFP motion. *See, e.g.*, *Lynnmarie E.*

*v. Saul*, No. 21-CV-00244-JLB, 2021 WL 2184828, at *2 (S.D. Cal. May 28, 2021). But Bauman's Motion invites further questions. For one thing, she curiously reports spending $1,200 per month on transportation (not including car payments), which is more than the *combined* $1,120 she puts toward rent, utilities, home maintenance, *and* food. *See* Mot. at 4. Without more context regarding the outsized transportation expenses, the Court is disinclined to credit them. More outlandish still, Bauman—who claims to have no debts of her own—reports that Wells Fargo owes her $3 *billion*. *Id.* at 3. Bauman's willingness to make such a fantastical assertion causes the Court to doubt her other representations.

Further, Bauman claims to spend $400 on "ct motions/filing fees/computer crash repair/paper/ink" *every month*, *id.* at 5, and the Court wonders why some of that money cannot be used to cover the fees at issue. Indeed, Bauman anticipates "pay[ing] an extra $2,000 just in paper copies and printing *for this appeal alone*." *Id.* (emphasis added). As Bauman's budget can apparently accommodate a $2,000 printing bill, the Court struggles to understand how an additional $298 in litigation costs would impact her ability to cover life's necessities.

In sum, the Court is unable to determine from the Motion whether Bauman and Marin both qualify for IFP status. Accordingly, the Court **DENIES** Bauman's Motion (ECF No. 2) **WITHOUT PREJUDICE**. Appellants are **GRANTED** <u>fourteen (14) days</u> from the date of this Order to either <u>(1)</u> pay the entire $298 filing fee; <u>or (2)</u> file renewed motions to proceed IFP that address the concerns identified in this Order. Should Appellants elect the latter option, both of them must individually submit complete and accurate IFP applications. If Appellants fail to timely comply with the requirements of this Order, the Court will dismiss this action without prejudice.

**IT IS SO ORDERED.**

Dated: March 13, 2024

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge